IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:22-cr-00178

CIARA HARVEY

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Ciara Harvey's Motion to Dismiss the charges against her, alleging that the Government violated her due process rights. [ECF No. 22]. The United States has responded. [ECF No. 23]. For the reasons explained below, Defendant's Motion is **DENIED**.

I.  Background

On September 13, 2022, Ms. Harvey was indicted on a single count of conspiring to knowingly and intentionally distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. [ECF No. 1]. Ms. Harvey's indictment in this case followed lengthy plea negotiations beginning in late 2021. *See* [ECF No. 22]. Ms. Harvey previously attempted to plead guilty pursuant to an Information filed against her in Case No. 2:22-cr-00052. *See* [No. 2:22-cr-00052, ECF No. 5].

That Information, filed on March 10, 2022, charged Ms. Harvey with a single count of violating 18 U.S.C. § 1952(a)(3) by traveling in interstate commerce with the intent to promote, carry on, and facilitate the promotion and carrying on of an unlawful activity—namely, the distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). *Id.* Ms. Harvey attempted to plead guilty, pursuant to a plea agreement, to the single "travel count," which carries a statutory maximum penalty of five years' imprisonment. *See* [No. 2:22-cr-0052, ECF No. 16]; 18 U.S.C. § 1952(a)(A). On April 13, 2022, this court referred Ms. Harvey's plea hearing to the magistrate judge, who ultimately recommended that her plea be accepted. [No. 2:22-cr-00052, ECF Nos. 10, 17]. This court adopted the magistrate's Proposed Findings and Recommendation and accepted her guilty plea on May 23, 2022. [*Id.*, ECF No. 21]. At her sentencing hearing on August 1, 2022, this court rejected the parties' plea agreement after they disputed the relevant conduct that ought to inform Ms. Harvey's sentence. [*Id.*, ECF No. 31]. The defendant subsequently withdrew her guilty plea. *Id.* On August 4, 2022, Ms. Harvey moved to schedule a plea hearing to plead straight up to the single-count Information. [*Id.*, ECF No. 32]. At the plea hearing on August 29, 2022, this court rejected her plea, finding that the defendant did not lay a sufficient factual basis for the offense charged in the Information. [*Id.*, ECF No. 35]. A jury trial was set to commence on September 20, 2022. *Id.*

On September 13, 2022, Ms. Harvey was indicted on the conspiracy charge presently at issue, [No. 2:22-cr-00178, ECF No. 1], and the United States successfully

2

sought leave to dismiss the original Information. [No. 2:22-cr-00052, ECF Nos. 40, 41]. On the dismissed travel count, the defendant faced a maximum penalty of five years' imprisonment. 18 U.S.C. § 1952(a)(A). In contrast, the new conspiracy count carries a mandatory minimum sentence of ten years.[1] 21 U.S.C. § 841(b)(A)(viii). Trial on the conspiracy charge is scheduled to begin January 24, 2023. [No. 2:22-cr-00178, ECF No. 21].

Defendant argues that the new, more serious charge demonstrates prosecutorial vindictiveness that violates her right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution. [ECF No. 22]. In her Motion to Dismiss, Ms. Harvey describes examples of her own conduct that may have "frustrated the Government," and asserts that the new Indictment was filed "to punish her for not pleading to the original charge, and to punish her for frustrating and irritating the prosecutor." *Id.* at 2, 4. In addition to noting the substantially heightened sentencing liability she now faces, Ms. Harvey points out that she was indicted "less than a week before trial was to begin," and that the new charges do not appear to reflect newly uncovered evidence. *Id.* at 4. The Government denies any improper motive and characterizes Ms. Harvey's instant Motion as "seeking . . . the ability to proceed to trial on an Information she withdrew from and then could not lay a factual basis for." [ECF No. 23 at 3–4]. The Government further argues that established legal precedent recognizes "the legitimacy of the government

---

[1] That minimum sentence remains subject to the safety valve, for which Ms. Harvey is eligible. *See* 18 U.S.C. § 3553(f).

3

utilizing charges, which could have been charged in the first instance and then dismissed or not charged at all, in pursuit of plea agreements with criminal defendants." *Id.* at 4 (citing *United States v. Goodwin*, 457 U.S. 368, 378–80 (1982)).

## II. Discussion

Prosecutors generally enjoy broad discretion in deciding "whether or not to prosecute, and what charge to file or bring before a grand jury." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). But that discretion remains subject to constitutional limitations, and a defendant may not be punished for exercising a protected statutory or constitutional right, such as the right to appeal or the right to go to trial. *Id.* at 365; *Goodwin*, 457 U.S. at 372 (citing *Bordenkircher*, 434 U.S. at 363). In *Blackledge v. Perry*, the United States Supreme Court found a due process violation where the defendant was sentenced to a term of five to seven years for an offense with which he was charged only after appealing his misdemeanor conviction for the same conduct.[2] 417 U.S. 21 (1974). In *Blackledge* and its progeny, the Supreme Court has emphasized that a defendant need not show a prosecutor's actual bad faith or malice; rather, courts may "presume an improper vindictive motive" where a "reasonable likelihood of vindictiveness" is shown. *Goodwin*, 457 U.S. at 373. The Government may rebut the presumption by showing "objective information in the record justifying the increased sentence." *Id.* at 374.

---

[2] The defendant also argued that the felony indictment "placed him in double jeopardy, since he had already been convicted on the lesser included misdemeanor charge," but the Court did not find it necessary to reach that claim. *Blackledge v. Perry*, 417 U.S. 21, 25 (1974).

4

However, courts typically are reluctant to apply this presumption to pretrial plea negotiations. *See, e.g.*, *Bordenkircher*, 434 U.S. at 363 ("To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort . . . [b]ut in the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer."); *United States v. Susi*, 674 F.3d 278, 286 (4th Cir. 2012) ("[A] presumption of prosecutorial vindictiveness is generally warranted only in a post-conviction setting." (quoting *United States v. Perry*, 335 F.3d 316, 323–24 (4th Cir. 2003)). In *Bordenkircher*, the prosecutor explicitly warned the defendant that failing to plead guilty would result in a more severe indictment. 434 U.S. at 358. After the defendant refused to plead guilty, he was indicted under a habitual criminal statute and accordingly sentenced to life imprisonment—rather than the five-year term the prosecutor initially offered to recommend pursuant to a possible plea agreement. *Id.* at 358–59. The Supreme Court found no constitutional violation in the prosecutor's conduct, "which no more than openly presented the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution." *Id.* at 365. The Court acknowledged that "the risk of more severe punishment clearly may have a discouraging effect on the defendant's assertion of his trial rights," but concluded that "the imposition of these difficult choices is an inevitable—and permissible—attribute of any legitimate system which

5

tolerates and encourages the negotiation of pleas." *Id.* at 364 (internal quotations omitted).

In this case, Ms. Harvey presents little evidence of prosecutorial vindictiveness beyond the mere fact that more serious charges were brought against her. That fact, standing alone, does not offend due process. *See Goodwin*, 457 U.S. at 380 ("For just as a prosecutor may forgo legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded."); *United States v. Williams*, 47 F.3d 658, 661 (4th Cir. 1995) ("If a prosecutor brings additional charges after a defendant refuses to accept a plea bargain, a court cannot presume that the additional charges are an impermissible penalty for the defendant's refusal." (citing *Goodwin*, 457 U.S. at 378–79)); *United States v. Doty*, 832 F. App'x 174, 180 (4th Cir. 2020) ("Bringing new charges in a superseding indictment before trial fails to create a presumption of vindictiveness." (citing *Bordenkircher*, 434 U.S. at 363–64)). Accordingly, Defendant's Motion must be **DENIED**.

### III. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED**. The pretrial motions hearing previously scheduled for January 9, 2023, at 1:30 p.m. is **CANCELED**.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: January 6, 2023

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE